173 So. 525

GOLD v. MUTUAL BEN. HEALTH &
ACCIDENT ASS'N.

No. 34180.

March 1, 1937.

Rehearing Denied March 29, 1937.

E. W. & P. N. Browne, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

HIGGINS, Justice.

This is an action by the holder of two disability insurance policies to recover disability benefits, hospital expenses, statutory damages or penalties, and a reasonable attorney's fee.

The defense was that the plaintiff made a false answer in reply to a question contained in the application in stating that he did not have any other accident or health insurance, when he did have such insurance, and that under the laws of Arkansas, where the policy was written, this constituted a breach of warranty and voided the policies, because the applicant was ineligible for additional insurance.

There was judgment in favor of the plaintiff on all items claimed, and the defendant appealed. The plaintiff answered the appeal and asked that the attorney's fee of $300 granted by the trial judge, be increased to the sum of $750.

Defendant issued plaintiff two policies of insurance, while he was a resident of the State of Arkansas, requiring the defendant association to pay him $100 per month on each policy for disability and also hospitalization expenses, the premiums for each

policy amounting to $48 per year. There is no dispute that the plaintiff was accidentally injured and disabled within the meaning of the policy.

The defense of breach of warranty, resulting from the plaintiff's erroneous statement in the application, is predicated on the provisions of section 14 of Act No. 139 of 1925 of the State of Arkansas (page 419), which reads as follows:

"Statements, representations, and answers on the part of applicants for membership as to question of age, condition of health, *and eligibility shall be construed as warranties on the part of the applicant, and such applicant be bound thereby,* and shall constitute a *part consideration* for issuance of the policy or certificate of membership on the part of the association." (Italics ours.)

It is conceded that the above statute applies to mutual benefit and assessment companies and that the Supreme Court of Arkansas has not construed that part of the above section which deals with eligibility.

Counsel for the defendant argues that since the plaintiff admitted that he had an accident insurance policy with the Ætna Life Insurance Company at the time he signed the application which paid benefits in the sum of $200 per month for disability, he was ineligible for membership in the defendant association.

Counsel for the plaintiff contended that the fact that plaintiff, at the time he signed the application, did not disclose that he had an accident policy, did not affect his eligibility under the defendant association's own rules and regulations.

In defendant's Salesman's Rate Book and Manual, at page 21, we find the following:

"*Not Eligible.* Persons who are under or over the age limits set for the respective policies, who are engaged in occupations classed as Non Insurable, who are blind, deaf or compelled to use a crutch or cane, who are insane, feeble-minded or who have suffered from cancer, fits, epilepsy, vertigo, gastric ulcer, syphillis, gout, pulmonary hemorrhage, locomotor ataxia, tuberculosis, paralysis, insanity, blindness, deafness, *drug addiction,* any form of heart or *kidney trouble, who are intemperate, reckless, disreputable or without visible means of support, or who are seriously deformed* or have been *disabled with unusual frequency by either accident or illness, are not insurable.*" (Italics ours.)

On the following page, it is stated:

"*Over Insurance. The monthly indemnity should not exceed 80% of the actual money value of the Insured's time salary. Fraudulent claims are encouraged by overinsurance.*" (Italics ours.)

It will be noted that the fact that an applicant had other accident and health insurance is not listed as a ground of ineligibility. Other insurance is dealt with under a separate heading and in a different paragraph.

In the instant case, it was shown that the policy holder had an income from $10,000 to $30,000 per year and, therefore, the $400 per month that he would receive from this disability for accidental injuries would not exceed the 80 per cent. rule above quoted.

J. L. Mims, of Dallas, Tex., qualified as an expert actuary, and J. M. Tompkins, an

underwriter, testified that the existence of other insurance would have no effect upon the eligibility of the applicant.

Malcolm Gannaway, an attorney from Little Rock, Ark., testified that he considered the plaintiff's answer in the application a warranty and not a representation.

▋ Plaintiff testified that he fully disclosed the existence of the policy with the Ætna Life Insurance Company to the defendant's agent who filled out the application, and that the agent considered this circumstance immaterial, and answered the question by writing in the word "none." In the same application, the agent, in reply to another similar question, wrote in the words, "Other insurance pending." Of course, the application was forwarded to the proper representatives of the association for approval before the policies were issued. There is nothing in the record to indicate that any investigation was made as to this other insurance that was pending. The company itself, apparently, considered the plaintiff eligible and evidently did not consider the fact that he had other insurance pending added to the risk, because defendant accepted him as a member and issued the policies. We mention this to show that the company's own officials construed the word "eligible" in the same way as our learned brother below, i. e., that the ex-

istence of other accident and health insurance did not render applicant ineligible. Mr. Carroll, vice president of the defendant association, in his depositions, does not state that other prior insurance renders the applicant ineligible, but that it is an element of risk. The two, i. e., risk and ineligibility, are not synonymous. It is our opinion that the defense of ineligibility of the applicant or breach of warranty is without merit.

▋ The remaining question is as to a reasonable attorney's fee, which plaintiff is entitled to under Act No. 139 of 1925 of the Laws of the State of Arkansas (page 405). The trial judge originally allowed $500, and subsequently, on a motion for a new trial, reduced this amount to the sum of $300. Plaintiff sued for the sum of $1,000 for 5 months' disability, $237 for 9½ weeks' hospital expense, and 12 per cent. penalty or statutory damage amounting to $148. Under the circumstances, we believe the sum of $300 is inadequate and increase the attorney's fee to the sum of $450.

For the reasons assigned, the judgment appealed from is amended by increasing the attorney's fee from $300 to $450, and, as thus amended, the judgment is affirmed at appellant's costs.

O'NIELL, C. J., absent.